# UNITED STATES DISTICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA LARAINE GRIGGS WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:16-cv-64 |
| | ) | Judge Aleta A. Trauger |
| JULIA BLAIR GRIGGS PEY HAVEY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion for Summary Judgment (Docket No. 55) filed by the defendant, Ms. Havey, to which the plaintiff, Ms. Williams, has filed a Response in opposition (Docket No. 58), and Ms. Havey has filed a Reply (Docket No. 59). For the reasons discussed herein, the motion will be denied.

## FACTS AND PROCEDURAL HISTORY

This action – which arises from a monetary dispute between Ms. Williams and Ms. Havey, who are biological sisters – was initially filed by Ms. Williams in the Eastern District of Pennsylvania on February 24, 2014. (Docket No.1.) It was transferred to this court on January 20, 2016. (Docket No. 38.) The Complaint alleges, in brief, that Ms. Williams lent Ms. Havey more than $600,000 for the purchase of a home in Franklin, Tennessee, with the understanding that she would be paid back on a monthly basis, plus interest, but that Ms. Havey has failed to honor her obligations to repay the loan. The Complaint further alleges that, at the time the loan was made, Ms. Williams was suffering from mental illness and diminished mental capacity and that Ms. Havey both took advantage of her role as Ms. Williams' confidant and lied to Ms. Williams about her ability to repay the loan, in order to induce Ms. Williams to lend her the

1

money.  The Complaint brings causes of action for breach of contract and fraudulent inducement, among other claims in law and in equity.

On April 20, 2016, well in advance of the close of discovery (*see* Docket No. 46 (Initial Case Management Order)), Ms. Havey filed the currently pending Motion for Summary Judgment (Docket No. 55).  Attached to Ms. Havey's Motion is a signed letter from Ms. Williams to Ms. Havey that states as follows:

> Dearest Sister Julia: Because you've been the planet's BEST sister during my divorce chaos, I voluntarily elect to give you $636,000 toward the purchase of your lovely new home. . . . This is a one-time-only gift from someone who loves you with her whole heart.  There is zero expectation of getting one dime back ever.

(Docket No. 55-1 (the "Gift Letter".).[1]  Ms. Havey argues that the court should accept the Gift Letter as dispositive proof that the money she received from Ms. Williams was a gift and not a loan.  She further argues that the parol evidence rule prohibits the court from considering any other evidence about the nature of the transaction between the parties and, thus, that the court should grant summary judgment on her behalf.  Ms. Havey's Motion does not raise any other grounds for summary judgment.  Specifically, Ms. Havey does not at all address the legal elements of Ms. Williams' claims or make any arguments related to the sufficiency of the evidence in the record – assuming the court considers evidence beyond the Gift Letter – to establish these claims as a matter of law.

On May 11, 2016, Ms. Williams filed a Response in opposition, attaching a Statement of Additional Material Facts; the Affidavits of Ricardo Fischer, Denise Griggs, and Virginia Williams; and attachments thereto. (Docket No. 58.)  Ms. Williams argues that the parol

---

[1] As Ms. Williams notes in her Response, the version of the Gift Letter that is attached to Ms. Havey's Motion for Summary Judgment (Docket No. 55-1) is illegible.  A legible copy of this document can be found in the record as an attachment to Ms. Havey's prior motion to reconsider the court's Order denying her request for injunctive relief.  (Docket No. 52-1.)

evidence rule does not apply to prohibit the court from considering evidence that 1) Ms. Williams was incapacitated by mental illness at the time she wrote and signed the Gift Letter, and Ms. Havey knew it; and 2) subsequent to the Gift Letter, the parties conducted ongoing negotiations, both orally and in writing, and ultimately agreed that the transfer would be treated not as a gift, but as a loan, to be repaid monthly with interest at specific, agreed upon terms. Ms. William' Affidavit recounts her version of events, which can be briefly summarized as follows:

- By agreement of the parties, Ms. Williams lent Ms. Havey $663,645.22, the vast majority of which was taken from an inheritance trust belonging to Ms. Williams.
- Ms. Havey used this money to purchase a primary residence for herself and her family. The purchase was in Ms. Havey's name alone, though the parties intended that Ms. Williams would be treated as an investor.
- The parties intended that, at some point in the future, the residence would be sold, Ms. Williams would be repaid in full, and the parties would share any profits from the sale. In the meanwhile, the parties agreed that Ms. Havey would repay Ms. Williams with monthly payments, plus interest at a rate of 4 percent. By the parties' agreement, Ms. Havey would be responsible for maintenance and tax payments on the residence.
- Ms. Havey and Ms. Williams agreed to this arrangement, in part, in order to shield the money in Ms. Williams' inheritance trust from Ms. Williams' ex-husband during ongoing divorce proceedings. The Gift Letter was drafted as a part of that scheme, at the direction of Ms. Havey. Ultimately, the plan was not successful and, in the final dissolution of assets, Ms. Williams was required to repay her ex-husband a share of the money from her inheritance trust, which she had already given to Ms. Havey.

3

- Subsequent to Ms. Williams' signing of the Gift Letter, but prior to the actual transfer of money, the parties finalized the terms of their loan agreement and expressly agreed that the transfer would *not* be a gift.

- As Ms. Havey was aware, during the course of the negotiations leading up to this transaction, and especially at the time when she wrote and signed the Gift Letter, Ms. Williams was mentally impaired by a number of psychiatric conditions as well as by the use (including misuse or overuse) of psychiatric medications and was susceptible to Ms. Havey's influence.

- In addition to other individuals, Ricardo Fischer, a mutual friend of the parties, and Denise Griggs, the stepmother of Ms. Williams and Ms. Havey, were aware of the transaction between Ms. Havey and Ms. Williams, and they heard both parties state that it was a loan on more than one occasion – and never that it was a gift.

(Docket No. 58-4.) In addition, the Affidavits of Mr. Fischer and Ms. Griggs also assert that they repeatedly heard the parties refer to the transaction between them as a loan and never as a gift. (Docket Nos. 58-2, 58-3.)

On May 17, 2016, Ms. Havey filed a Reply. (Docket No. 59.)

## **LEGAL STANDARD FOR SUMMARY JUDGMENT**

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th

Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 252 (1986). An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

## ANALYSIS

The court finds that summary judgment is not appropriate here because there are clear disputes of fact as to the nature of the transaction between the parties, an issue which is central to this action. Contrary to Ms. Havey's assertion, the mere existence of the Gift Letter does not resolve critical disputes of material fact. The parol evidence rule does not apply to this matter, and Ms. Williams is not prohibited from presenting evidence that the Gift Letter does not, in fact, reflect a final, enforceable agreement between the parties. Specifically, Ms. Williams may present the evidence she has proffered that the Gift Letter was fraudulently induced, was never intended to reflect the parties' agreement, and/or was subsequently invalidated or amended by the parties' ongoing negotiations.

> Tennessee law has long recognized several exceptions to the parol evidence rule; allegations of fraud are among these exceptions. Particularly, this Court has held that the parol evidence rule does not apply to claims of fraudulent misrepresentation in inducement of a contract.

5

*Butler v. Butler*, No. W2007-01257, 2008 WL 5396019, at *6 (Tenn. Ct. App. Sept. 16, 2008) (internal citations omitted); s*ee also Ray v. Williams*, No. W2000-03000, 2002 WL 974671, at *5 (Tenn. Ct. App. May 9, 2002) (quoting *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 231 (Tenn. Ct. App. 1976)) ("[T]he parol evidence rule 'has no application to a case involving a fraudulent misrepresentation which induces the execution of a contract.'"). Further, "the parole evidence rule does not prevent using extraneous evidence to prove that a written contract does not correctly embody the parties' agreement." *GRW Enters., Inc. v. Davis*, 797 S.W.2d 606, 611 (Tenn. Ct. App. 1990). While parol evidence of negotiations antecedent to a contract cannot be used to vary the unambiguous terms of a contract, "courts agree also that subsequent agreements may be shown and are not rendered ineffective by the prior writing." *Belton v. City of Memphis*, No. W2015-01785, 2016 WL 2754407, at *10 (Tenn. Ct. App. Apr. 1, 2016) (quoting *Patterson v. Anderson Motor Co.*, 319 S.W.2d 492, 496 (Tenn. Ct. App. 1958)); *see also Galbreath v. Harris*, 811 S.W.2d 88, 91-92 (Tenn. Ct. App. 1990) (holding that a written contract can be modified by an oral agreement and that it is not a violation of the parol evidence rule to place evidence in the record of such oral modification, which is not about altering the terms of the written contract, but about showing that the terms have been superseded and are no longer enforceable).

Even assuming that the Gift Letter is capable of creating a binding contract, the parties do not agree that the Gift Letter embodies their final agreement. Ms. Williams has put forth evidence, even prior to the close of discovery, that the Gift Letter does not, in fact, represent the parties' agreement and is not dispositive on the question of whether a loan contract was created and breached (let alone whether she can recover from Ms. Havey under another legal theory, in law or in equity, as pled in the Complaint). Ms. Williams has proffered specific evidence that

6

the Gift Letter was fraudulently induced by Ms. Havey's knowledge of Ms. Williams' mental impairment, is unenforceable due to Ms. Williams' mental impairment, was drafted as a diversion in Ms. Williams' divorce proceedings and was never intended to represent the parties' agreement, and was voided by the parties' subsequent negotiations and agreement that the transfer would not be a gift.[2]  None of this evidence is about varying the actual terms of the Gift Letter.  For these reasons, the parol evidence rule does not apply, and the Gift Letter does not, on its own, establish that there is no dispute of material fact or that summary judgment is warranted at this time.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is hereby **DENIED**.

It is so ORDERED.

Enter this 29th day of August 2016.

_____
ALETA A. TRAUGER
United States District Judge

---

[2] The court is not, at this time, making any finding as to whether the evidence Ms. Williams has placed in the record to date is sufficient to support her claims, as a matter of law.  Rather, the court is simply ruling that the parol evidence rule – the sole basis for summary judgment advanced by Ms. Havey – does not foreclose Ms. Williams from proffering this evidence in support of her claims.